8-8 Ginsberg v. United States We're ready, Mr. Jacobs, whenever you are. May it please the Court, Tim Jacobs for plaintiffs. This case presents a simple fact pattern and may be resolved on the basis of a long-standing federal income tax principles under the recovery of capital doctrine. Can I ask you, just as a preliminary matter, I know, I think there's something in the record here that this particular situation under New York law, there's since been amendments so that this particular way of doing tax credits no longer exists on the books? There have been a number of amendments to New York law. In the original, I think, version, it covered both site preparation costs and tangible property costs, which would be the building. New York has since limited parts or portions of the credit to, I guess, cut down on the number of credits for tangible property. The other amendment that they made is the revenue concerns caused them to defer some of the payments, and we see that happening in this case. Whereas, generally, when you filed the tax returns or the folks, the taxpayers here filed their tax returns, they should have been entitled to receive the credit at that point in time, but New York basically deferred the payments for some years. Does the Brownfield program still exist? It does. It does. Where did the Court of Federal Claims find a conspiracy involving the labels used by the Ginsbergs and New York? The Court's terminology was that both New York and the Ginsbergs had been manipulated, which I found to be a pretty strong word. I'm reading from your brief, 21-22. That is, the CFC was convinced that the labels used by the Ginsbergs in their motion papers and New York in its statutes to describe the payment somehow evinced a conspiracy between those parties to manipulate the federal income taxation laws. I seem to remember from taking the bar in 1977 that a conspiracy is an agreement among two or more persons from an unlawful act or a lawful act in furtherance thereof or with some act. Right, Your Honor. Where did you get a conspiracy? Where the Court of Federal Claims drew that was from actually the Sunoco case, that there was manipulation, that New York had set up the program basically as a reimbursable credit in order to somehow create a tax… So where do you get a conspiracy? You say that the Court found a conspiracy. Where is the conspiracy found in the Court's decision? I'm using the word manipulate in that reference. Well, the sentence, the reference by the Court is thus to call this payment a refund would allow plaintiffs in the state of New York to manipulate federal income tax law. Right. Do you think he's suggesting a legal conspiracy by that or you're offended by that? Well, I think, I don't think there's anything, I mean I think the issue here is the judge, Judge Hodges seemed to believe that the refundable, the fact that this is refundable credit was a problem, that it was designed in some form or fashion… New York to shift the burden to the United States. Right. And that's where I'm saying it is, you know, it's suggested there was some conspiracy. My terminology, manipulate, is a pretty strong term and here it's used at both the taxpayers and the state. Can you manipulate the tax laws in a lawful fashion? I thought that's what they were designed for. Well, I'm sorry for using that terminology. I think that's, I mean, again, I think the plaintiffs here manipulating the tax code is something that is strong, that's strong terminology when it says both New York and the taxpayers have done that. Let's just talk about that question. So you say this is a refund, but it's not a refund in the way, don't you accept that most people usually think of a refund for unpaid, for taxes, for money you've already paid, you get a refund for paid taxes? Right. That's the traditional sense. Refundable credits, however, are used at the federal level all the time. You get the Earned Income Tax Credit. You get the American Opportunity Credit. You've got the Affordable Care Act Credit. All of those are refundable credits, meaning that there is a portion of it that's applied to the tax liability and there's a portion of it that's refundable. It is designed in a way that it affects… So in this instance, let's say you have a piece of property in New York under the laws that exist. And it's got some pollution problems. And in order to prevent that pollution from leaching out, you put down a foundation, which you might need for the building anyway, but that foundation blocks the pollution. And as a result, the state of New York says, okay, Brownfield, you're entitled to a credit on this. And the state refunds some of your taxes. Let's say that the foundation costs $2 million and they refund $500,000 that you paid in New York taxes. So that other million and a half, the feds are going to pay. That's your position. It's not our position. In substance, what this credit is, is a reimbursement of capital expenditures. Our position is under well-established federal income tax law, the recovery of capital doctrine. That's it. That portion is a recovery of capital by definition, which is not taxable. It is a reduction in the basis of the property. And to your honors… So what happens to the million and a half? Right. Okay. The half million is the refundable portion, which is a reduction of basis. It is not taxable income for federal income tax purposes. Because? Because of the recovery of capital doctrine. It is simply, it is similar to… Is there some way you cannot spend that money? You can spend the money on, at that point in time, like any other recovery of capital. For example, the government uses the sales scenario. I buy stock two years ago. I sell the stock today. My basis in that was, let's say, $80. Today I'm selling it for $100. I'm pocketing $100. I have that in my pocket. I could use that for whatever I want. Yeah, but there's no sale. And there's only $20 a day. There's no sale. There's nothing on the record to evidence that there's any contemplation of a sale. But the recovery of capital doctrine is not limited to sales. Where the Court of Federal Claims went wrong is it said that the recovery of capital doctrine is limited to sale of goods. And the government acknowledges in its brief that that's not correct, that what the Court of Federal Claims really meant was it was a sale of capital assets. Well, they're both wrong because recovery of capital doctrine applies in any number of instances. It's a fundamental income tax principle. It applies to insurance recoveries. It applies to settlements that damage these claims, contractor payments, gambling winnings. This court in California, in a Hawaiian sugary refinery company, said it applies to tax refunds, recovery of capital doctrine. That's not a sale either. Well, hang on. You're confusing me because I asked you if there's any restriction. You said no on how they can spend the money. But in the blue brief at 25, you argued that the Ginsburg's don't have complete dominion and control over the brownfield credit. They don't. They don't. I'm saying as a general matter, when you have a recovery of capital, it doesn't matter if you don't have complete dominion. No, no. We're talking apples and oranges. Well, I'm saying to answer your question, there were considerable restrictions. You answered my question. You said they could spend the money any way they wanted. They can't in a general sense. I said it doesn't matter for recovery of capital purposes. What I would say here, the credit, sure, they can spend that. They may have to repay it, though. There is the restrictions here. Unlike the off-the-shelf credit that I think your Honor referred to earlier, this is not off-the-shelf. There is a brownfield cleanup agreement with the state. Right. So they can recoup the payment. So is there any limitation or restriction beyond recouping the payment as their fraud or something like that? There is. And I think the government even says for good cause, which is quite broad. Which is sort of not in the nature of fraud necessarily, but if you're not doing what the commitment with the state was in order for you to get that benefit, anything beyond that in terms of the restriction? So there's an environmental easement, your Honor, that has to be filed and is recorded. Yeah. The environmental easement and the agreement are not even mentioned in the opinion. But if there's a violation or any of the protocols, and that environmental easement, by the way, is in perpetuity. That is on this property. Right. But if there's a violation of what the agreement or the understanding was between the owners and the state, that's the circumstance. I'm asking if there's any other restriction on your use of the funds. Just like any other recovery of capital. Once I've received... Can you answer my question? Then you can explain it. But is there any restriction beyond some recoupment of payment if there's a violation in what the understanding was of the parties? There are restrictions in this case. I'm saying that our position is that is not relevant because under Glenshaw Glass, which the government is relying upon, there is the first requirement is the accession of wealth. That's where the recovery of capital doctrine comes in. And we don't satisfy... That requirement is not satisfied. We win on that basis under that requirement. Complete dominion is the lack of restrictions. That's the third requirement under Glenshaw Glass, which says that the taxpayer must have complete dominion over the income. And our answer to that here in this case is the taxpayer doesn't have complete dominion. You're using my example of putting down the foundation. Right. My vision of that is if the taxpayer used substandard concrete in that foundation and it crumbled away, that would fall not under fraud, but it would fall under the other provisions. The environmental easements is the enforceability tool. And in that circumstance, your honor, there is a certificate of completion. They yank that. And guess what happens? The state will say repay the credit. And there's a case called Bailey that's in the tax court that involves an easement very similar to this that deals with that third requirement under Glenshaw Glass. The tax court there said the taxpayer did not have complete dominion over the facade, therefore not taxable. And our case here is much stronger. So there's a presumption of regularity, is there not? Once they've been approved, once the site permits have been issued and then the certificate of completion and so on, there's a presumption that they've been properly inspected and that the building proceeds. At that point in time, there's an initial certificate of completion that gives the tax division in New York the authority to issue the tax credit. Now, as we've seen, that somehow as New York changed its law, it got deferred and deferred and deferred so that even that is subject to restrictions. Your honor, I believe I'm deep in my realm. Yeah, why don't we hear from him. Thank you. Good morning, your honors. Douglas Rennie for the United States. What constitutes good cause for revocation? Your honor, that's unclear. It doesn't appear to be defined in the New York state statutes. Your honors, the issue in this case is whether a $1.8 million state subsidy payment, which is characterized as a tax refund but bears no relation to any taxes previously paid. Let me follow up on you, please. Yes. If good cause is broad enough to include situations over which the Ginsbergs may not have control, storm, you know, 100 years, 200 years storms in 6 months, washing away the concrete. Why do they have sufficient guarantees that they'll be allowed to keep the money for purposes of complete dominion? Your honor, I think the answer to that is because even if the state commences some process to try to recoup the money, that means that that would almost certainly happen in a subsequent tax year. So the fact is they're receiving the income now. They would probably have a corresponding deduction in a future year if they had to pay it back. But for the time being, they can spend that money however they want. In the red brief at 4 and 5, you cite the 2007 version of the New York environmental conservation law. Yes, your honor. But the 2005 version of the tax law, are there any material differences between 2005 and 2007? I don't believe so, your honor. And I believe the reason we were citing those versions is because that was the relevant year for McKinney's to issue the relevant volume for those two different laws. Those are copies of those editions that are in the record for those years, your honor. But can I just go back to Judge Wallach's initial question, which was if something were to happen next year or two years from now, and New York, and let's assume legally, can recoup the payment that they made, but your friends walked away with a much smaller portion of it. Is there clearly a means in the tax law that they can then recoup the taxes paid on the amount that has since been taken out? No, your honor. They would get a corresponding deduction for that in a future year, and that's, in essence, the tax benefit rule. It's the converse of that, because they then had to pay it back. They would be able to take that deduction, your honor. Your honor, the main argument here as to why this is not income appears to be the return of capital doctrine that the taxpayers are relying on. Your honor, there is no precedent for applying this doctrine in this type of instance. Where it is relevant in terms of a capital asset, like a building here, is when there's a sale. And as your honors appear to perceive that there is no sale here, the return of capital doctrine just doesn't apply. And there is no general principle that you don't have to pay tax until you recover your initial investment. Now, one of the examples that came up was stock, which I think makes a good point. Can we determine that there's not a return of capital because the Ginsburg Capital is still producing wealth for them through the property? That's correct, your honor. And they would recover their capital when they sell it. Currently, they're receiving rental payments, maybe other fees, any other type of money that they take in at this time they have to pay taxes on. And in fact, the basis of that property hasn't been reduced yet. Right, right. I think they have accounted for it. They've attempted to account for it in that manner, but their accounting does not control for federal tax purposes. So it should not be reduced. That's our position. So going back to the stock example, that would be another issue where you receive a dividend. That doesn't reduce your basis. You have to pay tax on it when that happens, just as they would with rents or anything else in this example. And a contrary result would essentially allow states and private parties to redefine the scope of income to the detriment of the federal tax system, which I believe your honors would point out. Well, except if one person is living in New York and the other isn't, clearly they're not going to have a large state tax liability. So very likely, but obviously New York didn't think of it this way, which is we want to give benefit to people who are really doing a lot of business in New York. But as far as the federal fiscal, what is it? I mean, why are we distinguishing between people who live in one state and people who live in the same state? Essentially, the distinction is just for those who have a hefty state tax bill and those who don't. Otherwise, they forfeited as the Ginsburg did in this case. You mean in terms of the tax credit being refundable? Yeah, yeah. I mean, the amount that's left. You're not saying they had to pay. It's not subject to tax if they had gotten it, if it's just offset their state tax payment, right? Right. So the only reason it ends up being taxable under the federal code is because they didn't have enough offset. Because it becomes paid out. Although, if you're in a different, say it's not a refundable credit, then generally speaking, it could be carried forward to future years, which is probably the way it would work in a different state system. But our position is essentially it doesn't really matter what state it is. If a state is coming up with this type of system, if you want to do it as a tax credit and you don't want them to have to pay federal taxes on it, then it should be a non-refundable state credit. But there are different ways to subsidize different projects. I'm sure this is going on. Some variation of this goes on all around the country. Are you specifically aware of states other than New York who have had a similar situation? I mean, it's kind of odd that this is like an issue that hasn't been decided yet. And one of the things that may explain this is that this is a very unusual thing to refund it in cash. It is somewhat unusual, Your Honor. I can't recall a specific example of a different state having this type of refundable tax credit. There may have been a reference somewhere in some guidance in one of the briefs that had to do with a Michigan tax credit. You referred us, as I mentioned to your friend, that there have been changes in the scope of this. Does it still remain in terms of providing this payment of funds? I believe it is still a refundable credit, Your Honor. But as counsel said, I think they reduced the scope of the tangible property credit. That's my understanding. If Your Honors have no further questions, we will wrap up the brief. I'd like to respond, Your Honor, to Judge Randall's question earlier about still producing wealth and the fact that you can only recover the basis in the property at the time of sale. Well, that's actually not true. Depreciation and amortization is an example of recovery of capital. There's a case called a nausea land company that deals with a situation where you would have an easement that might be taken on that property. There are multiple occasions wherein this particular property is not unique that you have to wait to the end of the investment in order to recover capital. In fact, it's basic to the federal income tax system. You're recovering capital immediately on this property. When the emergence on the law of federal income taxation explains return of capital theory this way, when the purchaser's obligations are received as part of the consideration on a sale but have no ascertainable fair market value at the time of their receipt, the seller may treat the full amount of the payments as they are received as a return of capital. Only those payments that are received after his entire basis has been recovered must be reported as income. Right. How does your return of capital theory fit into that example? What payment did you make to the state that is now being returned? Well, again, there are numerous examples. I mean, that's one example of a return of capital, a sale is. But in the sales situation, the government is suggesting that this is a third party's requirement and I would point the court to the General Counsel Memorandum, the Office of Chief Counsel, which says provided repayment has the effect so far as its recipient is concerned of restoring in whole or part the original outlay, it may emanate from a third party and nonetheless be considered a return of capital. It does not matter here. I mean, this is the Office of Chief Counsel. It's General Counsel Memorandum 37509 cited in our briefs. It doesn't matter that we made our original investment with, in this case, it would be the contractors and whoever we're paying out and that New York has agreed under an agreement to reimburse us the capital expenditures. And I would say, Your Honor, just to be clear, the government has admitted in their briefing papers down below that in reality the credit is designed to reimburse the taxpayers' capital expenditures.  And you get to recover that capital by reducing your basis in the property. And in many cases, this is not an expense. The government says the tax benefit rule. But is the basis in this property reduced? Was it reduced? It's reduced through a mechanism where, in this case, we will not get a windfall. The taxpayers will not get a windfall. Its depreciation allowances will get reduced because there was depreciation that would have been with the full basis. You have to reduce that depreciation allowances to account for the fact that here, this was a reimbursement of return of capital. And that's important because that happens at this point in time. When there's an ultimate sale down the road, the gain will be bigger as a result of that. If I could, I don't have my times. We have one quick point. Sure. So the earlier questions, Your Honor had asked about examples. I would point out that the federal government has reimbursable credits, refundable credits like this. In fact, that's how New York structured this transaction. And there's the Sunoco case. Contrary to this case, the government's position with federal tax credits that are refundable is that they are not includable in taxable income. Thank you. We thank both sides. The case is submitted. That concludes our proceedings for this morning. All rise.